## Skiles v. Franklin and Marshall College

*Marshall M. Cohen*, for plaintiff; *Windolph & Mueller*, for defendant.

ATLEE, P. J., January 12, 1934.—This is an action in trespass to recover from the defendant damages for injuries received by the plaintiff, while the plaintiff on November 26, 1931, was in attendance at an inter-collegiate football match conducted on an athletic field known as Williamson's Field, owned and operated by the defendant. The following facts are undisputed:

On the afternoon of November 26, 1931, the plaintiff, accompanied by Miss Verna Dietz, Miss Miriam Snavely, and Lester Christ, bought admission tickets to attend the Franklin and Marshall-Gettysburg inter-collegiate football game. The tickets purchased by the plaintiff entitled the holders of these tickets to a general admission to the grounds. The party of four seated themselves on an automobile robe spread upon the ground back of the south goal post. Some 16 police officers had been provided to maintain order on the athletic field. During the progress of the game, a drunken man named McComsey was ejected from the grounds a couple of times, but managed to return after each ejection. This drunken man was amusing himself by tussling and carrying on with a lot of small boys. Finally, when McComsey was near the plaintiff, one of the small boys "tackled" him, and McComsey fell upon the plaintiff in such a way as to render him unconscious and to inflict injuries.

Upon the conclusion of the plaintiff's testimony as to negligence, the court entered a judgment of compulsory nonsuit. The rule to show cause why this judgment of nonsuit should not be struck off is the immediate matter before the court.

Under an allegation pleaded by the defendant in its affidavit of defense, under the head of "new matter", and averring that the defendant is a charitable corporation and therefore not answerable for the negligent acts of the defendant's agents, servants, and employes, it is contended by the defendant that the plaintiff could not recover. It is not necessary to go into this, for the simple reason that in the opinion of the court the plaintiff failed to show any negligence on the part of the defendant's agents, servants, or employes.

As to the question of negligence of the defendant, it is undisputed that the field was adequately policed by 16 police officers. This statement is made by the court in the light of the fact that there was ńo testimony that the police were not adequate in number and personnel. In addition thereto, McComsey, the drunken man, was not violent or abusive in any way, nor was he armed with any offensive or dangerous instrument. As one witness put it, McComsey ʼwas "skylarking" with small boys. There was no evidence as to how McComsey returned to the field after he had been ejected. The plaintiff was seated on a robe on the ground at a place selected by the plaintiff, and there was no proof that the plaintiff was expected to take this means of seeing the game. Unquestionably, the plaintiff would have a right of action against McComsey, the drunken man, but how the defendant could be the insurer of the safety of all the persons who attended the football game and who were injured by instrumentalities completely beyond the control of the defendant and not openly dangerous the instant court cannot understand.

The rule to show cause why judgment of nonsuit should not be struck off is discharged. From George Ross Eshleman, Lancaster, Pa.